**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

KEITH PRESTON NANCE,

            Plaintiff - Appellant,

v.

ALLEN MISER; et al.,

            Defendants - Appellees.

No. 14-16900

D.C. No. 2:13-cv-00313-SMM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Keith Preston Nance, an Arizona state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment, Fourteenth Amendment, and Religious Land Use and

Institutionalized Persons Act ("RLUIPA") claims arising from the prison's policies

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

regarding the observance of Ramadan.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Jones v. Williams*, 791 F.3d 1023, 1030 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment on Nance's First Amendment claim on the basis of qualified immunity because it would not have been clear to every reasonable prison official that providing sack meals to be consumed pre-dawn and permitting inmates to engage in group prayer before sunrise was unlawful.  *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (explaining two-part test for qualified immunity).

The district court properly granted summary judgment on Nance's RLUIPA claim because Nance failed to raise a genuine dispute of material fact as to whether defendants' Ramadan policies substantially burdened the exercise of his religious beliefs.  *See Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) (under RLUIPA, the prisoner bears the initial burden of showing that the prison's policy imposes a "substantial burden" on his religious exercise; only then will the burden shift to the prison to demonstrate that the policy furthers a "compelling governmental interest" by the "least restrictive means" (citation and internal quotation marks omitted)); *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (under RLUIPA, a "significant burden" exists if it

imposes "a significantly great restriction or onus" on a religious exercise).

The district court properly granted summary judgment on Nance's equal protection claim because Nance failed to raise a genuine dispute of material fact as to whether defendants intentionally discriminated against him on the basis of his religion. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." (citation and internal quotation marks omitted)).

**AFFIRMED.**

14-16900